UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN L. CARSWELL, an individual, )
)
Plaintiff, )
) NO. 15-cv-1345
)
vs. )
) COMPLAINT FOR DAMAGES
) (FEDERAL TORT CLAIMS ACT)
)
THE UNITED STATES OF AMERICA, )
)
Defendant. )
)

COMES NOW the Plaintiff, by and through his attorney of record, William L. Dixon V, Dixon Law Firm, P.L.L.C., and for cause of action against the Defendant pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §1346(b), herein states and alleges as follows:

**I.  PARTIES**

1.1   Plaintiff Martin L. Carswell resides in Portland, Victoria, Australia.

1.2   The United States Department of Defense ("DOD") is an agency of the United States of America.

1.3   The Defense Information Systems Agency ("DISA") is an agency of the United States Department of Defense.

1.4   At all times material hereto, Robert V. Diamond was an employee and agent of DISA and was acting for and on behalf of DISA, the Department of Defense and the UNITED STATES OF AMERICA.

COMPLAINT  -1-

1.5   The UNITED STATES OF AMERICA is legally responsible for the negligent acts or omissions of Robert V. Diamond alleged herein.

## II.   JURISDICTION AND VENUE

2.1   The acts and omissions giving rise to this cause of action occurred in King County, Washington.

2.2   Jurisdiction in this case is founded upon 28 U.S.C. §1331 and the Federal Tort Claims Act of June 25, 1948, 62 Stat. 982 (28 U.S.C. §§1346(b), 2671 et seq.).

2.3   Jurisdiction and venue are properly lodged in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1402(b), which provides: "Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred."

2.4   Venue is properly lodged in the United States District Court for the Western District of Washington at Seattle pursuant to Local Court Rule 3(d)(1)("In all civil cases in which all defendants reside, or in which all defendants have their principal places of business, or in which the claim arose in the counties of ...King…the case will be assigned to a judge in Seattle…. A civil action arises where a substantial part of the events or omissions that give rise to the claim occurred or where a substantial part of the property that is the subject of the action is located") because a substantial part of the events or omissions giving rise to the claim occurred in King County.

2.5   Plaintiff's claim was properly and timely presented to the United States Department of Defense pursuant to the Federal Tort Claims Act and six months have passed since the Department of Defense received the claim on November 12, 2013 without final determination of the claim

COMPLAINT  -2-

DIXON LAW FIRM, PLLC
403 COLUMBIA STREET, SUITE 500
SEATTLE, WASHINGTON 98104
PHONE (206) 330-0212
FACSIMILE (206) 682-2451

having been made by the responsible agency.

### III.   FACTS

A. <u>The Collision</u>

3.1    That on or about September 28, 2012 Plaintiff Martin Carswell was lawfully operating his motorcycle, riding it Northbound on E. Marginal Way South, when he entered the intersection of E. Marginal Way South and South Alaska Street and was struck by a rental car being negligently driven by Robert V. Diamond.

3.2    Upon information and belief, at the time of the collision Mr. Diamond was employed by the defendant and was acting within the line and scope of his employment for DISA.

3.3    The accident occurred suddenly and without warning when Mr. Diamond negligently failed to yield the right of way and made a left hand turn directly into the path of the Plaintiff's motorcycle, striking it in a T-bone type collision. The impact of the collision was severe and Plaintiff was dragged along the pavement.

3.4    As a result of the crash Plaintiff suffered personal injuries and special and non-economic (i.e. general) damages in an amount to be proven at trial.

B. <u>Related Washington State Litigation</u>

3.5    Plaintiff is in the process of commencing an action in State Court (King County Superior Court) against Mr. Diamond. *See* **Exhibit "1"**.

3.6    The Summons and Complaint is being served then filed in State Court in order to preserve (i.e. the Statute of Limitations deadline is September 28, 2015) Plaintiff's cause action, against Mr. Diamond, for his state law claims in the event that it is determined that Mr. Diamond is not a Federal employee whose actions are covered by the Federal Tort Claims Act.

3.7    Just prior to the present filing, Plaintiff's counsel had been attempting to negotiate a

COMPLAINT  -3-

DIXON LAW FIRM, PLLC
403 COLUMBIA STREET, SUITE 500
SEATTLE, WASHINGTON 98104
PHONE (206) 330-0212
FACSIMILE (206) 682-2451

settlement of the Administrative Claim of Martin Carswell (Claim No. 14-011-T012) with Jeffrey D. Smith, Chief of the Claims Division at the Office of the Staff Judge Advocate at Joint Base Lewis-McChord.

3.8   Plaintiff's counsel requested that Mr. Smith certify or provide written confirmation that Mr. Diamond was a government employee acting within the scope of his employment at the time of the collision; however, the request was declined. Accordingly, with the state court statute of limitations deadline approaching a suit is being initiated in State Court as precautionary measure.

### IV.   CAUSE OF ACTION – NEGLIGENCE

4.1   Plaintiff re-alleges all prior allegations as though fully stated herein.

4.2   Plaintiff Martin Carswell was injured as a result of the negligence of Robert V. Diamond on behalf of the Defendant. Mr. Diamond, the employee of the Defendant failed to exercise reasonable care under the circumstances when his rental vehicle struck the side of Plaintiff's motorcycle.

4.3   Defendant is the only at fault entity in this collision.

4.4   Defendant is liable for the acts and omissions of its employee Robert V. Diamond during the course of his employment.

4.5   The actions of the Defendant's employee, Robert Diamond, prior to the subject collision were negligent and were the proximate cause of all of the damages claimed herein.

### V.   PRAYER FOR RELIEF

WHEREFORE having fully set forth his claims against Defendant, Plaintiff prays for relief as follows:

   A. For monetary judgment in an amount sufficient to compensate Plaintiff for the damages he sustained as a result of the described accident;

COMPLAINT  -4-

DIXON LAW FIRM, PLLC
403 COLUMBIA STREET, SUITE 500
SEATTLE, WASHINGTON 98104
PHONE (206) 330-0212
FACSIMILE (206) 682-2451

B. For prejudgment interest on all liquidated amounts as allowed by law;

C. For Plaintiff's reasonable costs and attorneys' fees incurred herein, pursuant to all applicable statutory, common law, and equitable theories; and

D. For such other and further relief as the Court deems just and equitable.

DATED this 21st day of August, 2015.

DIXON LAW FIRM, PLLC


*/s/ William L. Dixon V*
William L. Dixon V, WSBA No. 26920
Dixon Law Firm, PLLC
403 Columbia Street, Suite 500
Seattle, Washington 98104
Telephone: (206) 330-0212
Facsimile: (206) 682-2451
Email: will@dixon-law.com
Attorneys for Plaintiff

4848-8303-0030, v. 1

COMPLAINT -5-