THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTIN L. CARSWELL,

                Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

                Defendant.

NO. 2:15-cv-01345-RAJ

ORDER

This matter comes before the Court on two motions for summary judgment. Plaintiff Martin Carswell has moved for summary judgment on the issue of liability for injuries resulting from a motorcycle collision with a federal employee. Dkt. # 19. The Government does not oppose a finding of liability, but rather moves for summary judgment on the issue of damages, requesting that the Court impose a cap on Plaintiff's recovery prior to trial. Dkt. # 17. For the reasons that follow, the Court **GRANTS** Plaintiff's motion for summary judgment and **DENIES** the Government's motion for summary judgment.

## I. BACKGROUND

The following facts are undisputed. On September 28, 2012, Plaintiff was operating his motorcycle on East Marginal Way South in Seattle when he was struck by a car driven by Robert Diamond, an employee of the Defense Information Systems Agency ("DISA"). Diamond was turning left from the left turning lane and failed to yield to oncoming traffic. The Seattle police investigator assigned to the scene concluded that Diamond was solely at fault for the collision and cited Diamond for failing to yield the right-of-way to oncoming traffic, a violation of Washington state statute. *See* RCWA 46.61.185.

As a result of the collision, Plaintiff suffered injury to his left leg, ankle, and foot. Immediately after the accident, Plaintiff underwent multiple surgeries to repair the damage. Plaintiff filed an administrative claim with the U.S. Army in November 2013 seeking $2,002,580.67 in both property and personal injury damages. Plaintiff timely filed this lawsuit on August 15, 2015. During the discovery stage of this suit, Plaintiff updated his damages estimate to include future medical costs and loss of future earning capacity, bringing the estimated total to $4,000,000 to $6,000,000.

The Government does not dispute Diamond was negligent in causing the collision resulting in Plaintiff's injuries, and it does not oppose a finding of liability at this juncture. However, the Government has filed a motion for summary judgment seeking an order limiting Plaintiff's recovery to the amount of damages claimed in his administrative complaint. The Government also seeks an order requiring Plaintiff to reduce all future economic damages to present value, which Plaintiff does not oppose.

ORDER - 2

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc*., 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp*., 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133, 150–51 (2000).

However, the Court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also White v. McDonnell-Douglas Corp*., 904 F.2d 456, 458 (8th Cir. 1990) (the Court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts

that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

### III. DISCUSSION

#### A. <u>The United States is liable for Diamond's negligence in causing the collision with Plaintiff.</u>

It is undisputed that Diamond, a federal employee acting within the scope of his employment, caused the collision resulting in Plaintiff's injuries. However, even though the Government does not oppose a finding of liability, the Court must conduct an independent review of the record under Rule 56 to determine whether the motion and supporting materials entitle Plaintiff to summary judgment. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); Fed. R. Civ. P. 56(e)(3).

Under the Federal Tort Claims Act (FTCA), the Government can be sued "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA holds the Government "vicariously liable for negligent acts and omission of its employees while performing their duties in the scope of their employment." *Keone v. United States*, 2014 WL 6632344, at *5

(W.D. Wash. Nov. 21, 2014); 28 U.S.C. § 1346(b). The extent of the United States' liability under the FTCA is governed by reference to substantive state law. *Molzof v. United States*, 502 U.S. 301, 305 (1992); 28 U.S.C. § 2674.

Under Washington law, negligence "requires duty, breach, and resultant injury; and the breach of duty must also be shown to be the proximate cause of the injury." *Hartley v. State*, 698 P.2d 77, 82–83 (Wash.1985). To establish proximate cause, a plaintiff must prove: (1) cause in fact, meaning that the injury would not have occurred but for the claimed negligence, and (2) legal causation, meaning that the cause produced the injury in a direct sequence. *Id.* Under Washington law, all drivers possess a duty to exercise ordinary care while operating a motor vehicle. *Robison v. Simard*, 360 P.2d 153, 154 (Wash. App. 1961). State traffic statutes may impose an additional duty on drivers, the violation of which may constitute negligence. *Mathis v. Ammons*, 928 P.2d 431, 434–35 (Wash. App. 1996).

Here, Plaintiff asserts that Diamond owed him a duty of care under state and local traffic laws to yield the right of way to oncoming traffic as he was turning left. Plaintiff is correct that RCWA 46.61.185, under which Diamond was issued a citation, imposes a duty to "yield the right-of-way to any vehicle approaching from the opposite direction" when that vehicle is "within the intersection or so close thereto as to constitute an immediate hazard." Under this statute, Diamond, the "disfavored driver," had the primary duty to avoid a collision, which he breached by turning left in spite of oncoming traffic. *Keone*, 2014 WL 6632344, at *5 (citing *Mossman v. Rowley*, 229 P.3d 812, 816 (Wash. App. 2009)).

ORDER - 5

As to causation, it is undisputed that Diamond's failure to yield was both the cause-in-fact and proximate cause of Plaintiff's injuries. The record does not reflect any intervening circumstances or alternative causes of injury. Nor is there any dispute that Diamond was acting within the scope of his employment when he failed to yield the right-of-way to Plaintiff. The Court therefore concludes that Plaintiff is entitled to judgment as a matter of law and will grant his motion for summary judgment.

B. <u>Plaintiff has raised a genuine issue of material fact as to whether his injuries were reasonably detectable at the time he filed his administrative complaint.</u>

Having concluded that the Government is liable for Plaintiff's injuries, the Court now turns to the Government's argument that Plaintiff's damages should be capped at $2,002,580.67, the amount claimed in his administrative complaint.

A claim under the FTCA "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b). The Government argues that the basic severity and extent of Plaintiff's injuries were reasonably detectable to him at the time he filed his administrative complaint in November 2013 and thus he is precluded from seeking additional damages at trial. Plaintiff counters that, after filing his administrative claim, he experienced unforeseen injuries—arthritis in his left ankle and a fracture in his right foot—for which he is entitled to increased damages.

When evaluating whether a claimant may receive damages in excess of his initial administrative claim, the Court "determine[s] whether the full extent of [plaintiff]'s injuries was reasonably foreseeable" at the time the claim was made. *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1998). "When existing medical evidence and advice put the claimant on fair notice to guard against the worst case scenario in preparing the administrative claim, an attempt to increase the amount of the claim during litigation should be rejected." *Branigh v. United States*, No. C07-5042FDB, 2007 WL 3306726, at *1 (W.D. Wash. Nov. 6, 2007) (quoting *Michels v. United States*, 31 F.3d 686, 688 (8th Cir. 1994); *Reilly v. United States*, 863 F.2d 149, 172 (1st Cir. 1988)) (internal quotations omitted). "Only if an existing injury 'worsen[s] in ways not reasonably discoverable by the claimant and his or her treating physician' should the claimant be allowed to increase the amount of the claim once suit has been filed." *Id.* (quoting *Michels*, 31 F.3d at 688). "The standard is an objective one, which examines not what the claimant expected, but what was reasonably known or discoverable at the time the claim was filed." *Id.*

1. Arthritis in the left ankle

The Government contends that Plaintiff may not recover any additional damages stemming from the arthritis diagnosed in his left ankle in December 2013 because he was on notice of this condition prior to filing his administrative claim. Diaz Decl., Dkt. # 18-1, Ex. 6 at 2. The Government asserts that Plaintiff's pre-filing medical records "contained evidence of arthritis," but has only produced evidence of an arthritis diagnosis in Plaintiff's *right* big toe, not his left ankle. Govt's Reply, Dkt.

ORDER - 7

28 at 2–3 (citing Diaz Decl., Dkt. 18 at ¶ 6, Ex. 4 at 2). Indeed, the record does not contain any mention of "moderate degeneration" (arthritis) of the left ankle joint until December 6, 2013—after Plaintiff filed his administrative claim.[1] The Government insists that Plaintiff could have ascertained before November 2013 that he was suffering from left-ankle arthritis or that he would in the future. However, the Government provides no medical basis for that claim. A July 2013 x-ray revealed that that Plaintiff's left ankle was healing normally after post-accident surgery and did not indicate any other cause for concern. Dixon Decl., Dkt. 25-1, Ex. D at 8–9. The Court concludes that whether Plaintiff's arthritis was foreseeable as a result of his initial injuries is not readily ascertainable from the record at this stage in the proceeding.

2. <u>Fracture in the right foot</u>

The Government next argues that Plaintiff may not recover any additional damages related to the fracture in his right foot—diagnosed in December 2013—because he was on notice of this injury as early as the summer of 2013. Indeed, Plaintiff testified that "halfway through" 2013, he developed "sesamoid pain" in the ball of his right foot and consulted with his physician about this pain. Carswell Dep., Dkt. 18-1, Ex. 2 at 145. The Government argues that this pain put Plaintiff on notice of the "basic severity" of his injury, even if the fracture had not yet been diagnosed and surgery to repair the fracture had not yet been indicated.

---

[1] In its reply, the Government argues for the first time that Plaintiff is foreclosed from recovering damages exceeding the amount claimed in his administrative complaint because he did not amend the complaint after discovering further injury. Plaintiff moves to strike this argument as untimely and inappropriate on reply. The Court agrees that the argument was improperly raised and will not consider it for the purpose of this order.

ORDER - 8

In order to recover damages stemming from his foot fracture, Plaintiff must show that this injury was not "reasonably capable of detection at the time the administrative claim was filed." *Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986). "[W]hile courts do not charge a claimant with knowing [w]hat the physicians could not tell him, the information must not have been discoverable through the exercise of reasonable diligence." *Id.* (internal citation omitted). Although Plaintiff experienced pain in his right foot and consulted a physician for that pain, there is at least a question in this case as to whether Plaintiff's physician could have apprised him of the full extent of his injury prior to filing his administrative claim. Plaintiff testified in his deposition that, when he consulted with his physician about his sesamoid pain, he was told that the pain was caused by bunions, not a fracture. Carswell Dep., Dkt. 25-1 at 145:6–7. While it is certainly possible that the fracture was "reasonably discoverable" with the requisite diligence on the part of both Plaintiff and his doctor, the record at this stage raises a fact-question best resolved at the trial on damages. The Court does not conclude that Plaintiff has carried his burden to prove that his injuries were not reasonably discoverable, only that he has provided enough evidence to survive summary judgment on this issue.

C. <u>Plaintiff must reduce his economic damages to present value.</u>

Finally, Defendant seeks an order requiring Plaintiff to reduce his future economic damages to present value. It has been "consistently recognized that 'damages awards in suits governed by federal law should be based on present value.'" *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 339 (1988) (quoting *St. Louis Sw. R.*

ORDER - 9

*Co. v. Dickerson*, 470 U.S. 409, 412 (1985) (per curiam)). The Ninth Circuit has established "basic steps for calculating pecuniary damages under the FTCA: (1) compute the value of the plaintiff's loss according to state law; (2) deduct federal and state taxes from the portion for lost earnings; and (3) discount the total award to present value." *Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984). The Courts find no reason to depart from this well-established framework. Thus, the Court will require Plaintiff's damages to be reduced to present value after they are calculated and adjusted for taxation.

## IV. CONCLUSION

For all the foregoing reasons, the Court **GRANTS** Plaintiff's motion for partial summary judgment and **DENIES** Defendant's motion for partial summary judgment.

Dated this 25th day of April, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge